# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| AARON ARREOLA CORTES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| LUCIA DIAZ LOPEZ, ) | |
| ) | |
| Respondent. ) | |

## VERIFIED COMPLAINT AND PETITION FOR RETURN OF CHILDREN TO MEXICO AND FOR IMMEDIATE ISSUANCE OF SHOW CAUSE ORDER

### INTRODUCTION

1. This Verified Complaint and Petition is brought in accordance with the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[1] and the International Child Abduction Remedies Act ("ICARA").[2]

2. The petitioner, Aaron Arreola Cortes (the "Father"), is the father of two minor children, R.A.D. and A.M.A.D. (the "Children"), who are the subject of this Verified Complaint and Petition. The Father is a citizen of Mexico and resides in Guadalajara, Mexico.

3. The respondent, Lucia Diaz Lopez (the "Mother"), is the biological mother of the Children. The mother is a citizen of Mexico but is currently residing in Powell, Tennessee.

4. The Mother illegally and wrongfully removed the Children to the United States, away from their proper custodial and habitual residence in Mexico, without the Father's consent

---

[1] Oct. 25, 1980, T.I.A.S. No. 11670 (July 1, 1988), 22514 U.N.T.S. 98. *See* **Exhibit 1**. Both the United States and Mexico have entered into the Convention.
[2] 22 U.S.C. §§ 9001 *et seq.* (2015).

or acquiescence. The unlawful removal occurred on or about July 26, 2016. Since then, the Mother has unlawfully retained the Children in the United States, away from their proper custodial and habitual residence in Mexico, without the Father's consent or acquiescence.

5. The Convention and the laws of the United States and the State of Tennessee authorize this Court to determine the merits of this Verified Complaint and Petition and order the return of the Children to Mexico, where a court can enforce the existing custody decree under the law of Mexico.

## JURISDICTION

6. This Court has subject matter jurisdiction over this matter under 22 U.S.C. § 9003 and 28 U.S.C. §§ 1331-32.

7. This Court has personal jurisdiction over the Mother, who is currently residing in Powell, Tennessee.

## VERIFIED FACTS

8. The Father and Mother married on January 23, 2003. A copy of the marriage certificate is provided as **Exhibit 2**.

9. Child R.A.D. was born to the Father and the Mother on ▇▇▇▇▇ 2008. A redacted copy of R.A.D.'s birth certificate is provided as **Exhibit 3**.

10. Child A.M.A.D. was born to the Father and Mother on ▇▇▇▇▇ 2010. A redacted copy of A.M.A.D's birth certificate is provided as **Exhibit 4**.

11. The Father and Mother divorced on March 22, 2013. A copy of the divorce certificate is provided as **Exhibit 5**.

12. During the marriage, the Father and Mother lived together with the Children in Guadalajara, Mexico.

13. As part of the divorce, the Mother and Father agreed the Father would have custody of the Children every other weekend and every Wednesday of each week. The Father regularly exercised these rights. The Mother and Father also agreed that prior permission from both parents was necessary to travel internationally with the Children. A divorce decree formalized the Mother and Father's agreement to obtain prior permission to travel internationally. As part of that divorce decree, the Father agreed to pay the Mother to assist in caring for the Children. A copy of the divorce decree is provided as **Exhibit 6**.

14. On Wednesday, July 6, 2016, the Children were to spend the day with the Father, in accordance with the Mother and Father's agreement. Despite that expectation, the Mother informed the Father she had taken the Children to Cancun and would not return until July 10, 2016, when the Children were to spend the weekend with the Father, in accordance with the Mother and Father's agreement. The Father had not agreed to forgo his time with the Children on that Wednesday.

15. Based on his communication with the Mother, the Father expected the Mother to deliver the Children to his custody on July 10, 2016. The Children never arrived. The Father attempted to contact the Children and the Mother via text messages and phone calls.

16. On July 11, 2016, the Father received a phone call from the Children informing him they were in the United States. They told him they would return to Mexico by July 24, 2016. The Mother never secured the Father's consent or agreement to travel to the United States.

17. On July 25, 2016, the Father visited the residence of the Children and the Mother in Guadalajara, Mexico. Another family was living there. Since then, the Father has continually attempted to contact and communicate with the Children. The Mother regularly impedes his efforts.

18. On September 13, 2016, the Father submitted an application for the return of the Children in accordance with the Convention to the Central Authority of Mexico. *See* **Exhibit 7**. The request for return was subsequently submitted to the United States Department of State and the National Center for Missing and Exploited Children, which is the central authority of the United States under the Convention.

### CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

19. The Father incorporates the preceding paragraphs here.

20. At the time the Mother wrongfully removed the Children, the Father was exercising his rights within the meaning of Articles Three and Five of the Convention. In particular, under the terms of the divorce decree, the Father and the Mother were jointly exercising parental responsibility for the Children at the time of the wrongful removal. Under the terms of the divorce decree, the Mother's retention of the Children in the United States is unlawful because the Father has neither consented, nor acquiesced to the Children's presence in the United States.

21. R.A.D. will not reach the age of sixteen years until the year 2024. A.M.A.D. will not reach the age of sixteen years until 2026. Accordingly, the Children are within the age of children covered by the Convention, Article Four.

22. The Mother removed the Children to the United States on or about July 11, 2016. Thus, this Petition is filed less than one year following the wrongful removal of the Children from Mexico to the United States.

23. The Mother wrongfully removed the Children within the meaning of Article Three of the Convention. In particular, she removed the Children from Mexico, the country of their habitual residence, in breach of rights of custody of the Father.

24. The Mother continues to wrongfully retain the Children in the United States, in the State of Tennessee, within the meaning of Articles Three and Five of the Convention despite the Father's efforts to secure the Children's return to Mexico.

25. The Convention and the laws of the United States and the State of Tennessee authorize the Court to order the return of the Children to Mexico forthwith. Convention, art. 12; 22 U.S.C. § 9003; Tenn. Code Ann. § 36-6-226.

## CLAIM FOR INJUNCTIVE RELIEF

26. The Father incorporates the preceding paragraphs here.

27. Absent immediate action by this Court, the Children and the Father will suffer irreparable harm.

28. Both ICARA and Tennessee's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") authorize injunctive relief to protect the well-being of children who are the subject of Hague Convention cases and to prevent their further removal or concealment before the final disposition of return petitions. *See* 22 U.S.C. § 9004; Tenn. Code Ann. § 36-6-225.

29. The Father is entitled to all injunctive relief appropriate and necessary under the circumstances, including the issuance of a temporary restraining order prohibiting the Mother, and anyone acting in concert with her, from removing the Children from the jurisdiction of this Court; an order directing the Mother to deposit the Children's travel documents with the Court for safekeeping; an order requiring the Mother to show cause why the Children should not be returned to Mexico and why such other relief as is requested in this Verified Complaint and Petition should not be granted; and an order scheduling an expedited preliminary injunction hearing on the merits of the Petition and advancing and consolidating the trial of this matter with

the hearing of the Petition. The Father further petitions the Court to bring the Mother and the Children before this Court, as provided by ICARA and UCCJEA. 22 U.S.C. § 9004; Tenn. Code Ann. § 36-6-225.

30. The Father's Motion under Hague Convention for Entry of Temporary Restraining Order and Expedited Hearing will be filed following the filing of this Petition.

31. Once the Children are returned to Mexico, the Father will file an appropriate pleading to determine all matters of custody, visitation, and support for the Children.

## NOTICE OF HEARING

32. The Mother will be given notice of any hearing. 22 U.S.C. § 9003(c); Tenn. Code Ann. § 36-6-211 & -220.

## ATTORNEY'S FEES AND COSTS INCLUDING TRANSPORTATION AND EXPENSES PURSUANT TO HAGUE CONVENTION ARTICLE 26 AND 22 U.S.C. § 9007

33. The Father has incurred substantial expenses as a result of the wrongful removal of the Children by the Mother. The Father will submit a copy of all his expenditures as soon as practicable and possible.

34. The Father respectfully requests that the Court award all his legal fees and costs, including transportation costs, incurred to date, as authorized by 22 U.S.C. § 9007 and Tenn. Code Ann. § 36-6-236, reserving jurisdiction over further expenses.

## DECLARATION PURSUANT TO TENNESSEE'S UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT

35. The details regarding the Children that are required to be provided under the UCCJEA are as follows:

   a. The Children are presently located in Powell, Tennessee.

   b. The Children lived in Guadalajara, Mexico, from the date of their birth until July 11, 2016, when they entered the United States with their Mother.

6

c. Upon information and belief, beginning on July 11, 2016, and continuing to the present, the Children have lived with the Mother at 7625 Berkshire Boulevard, Powell, Tennessee 37849.

d. The Father is unaware of any judicial or other proceeding that could affect the proceeding initiated by the Verified Complaint and Petition.

e. The Father is unaware of any person not a party to this Verified Complaint and Petition who has physical custody of the Children or claims rights of legal or physical custody of, or visitation with, the Children.

*See* Tenn. Code Ann. § 36-6-224.

## PRAYER FOR RELIEF

WHEREFORE, the Father requests the following relief:

a. The issuance of a temporary restraining order prohibiting the removal of the Children from the jurisdiction of this Court pending a hearing on the merits of the Petition;

b. The scheduling of an expedited preliminary injunction hearing on the merits of the Petition and the issuance of (i) an order requiring the Mother to show cause why the Children should not be returned to Mexico and why such other relief as is requested in the Petition should not be granted and (ii) an order advancing and consolidating the trial of this matter with the hearing of the Petition;

c. The issuance of final judgment in favor of the Petitioner, directing a prompt return of the Children to their residence in Mexico, where a custody determination may be made by a court in Mexico, under the law of Mexico;

d. An Order requiring that Mother pay Petitioner's fees and costs, including transportation costs, under 22 U.S.C. § 9007, such expenses and costs to be resolved via post-judgment motion, consistent with the procedure outlined under L.R. 54. 2 of this Court;

e. Any further such relief as justice and its cause may require.

Dated: February 27, 2017

MERCHANT & GOULD, P.C.

*s/John T. Winemiller*
John T. Winemiller, TN Bar # 21084
R. Bradford Brittian, TN Bar # 7130
9717 Cogdill Road, Suite 101
Knoxville, TN  37932-3322
Tel:  (865) 380-5960
Fax:  (612) 332-9081
jwinemiller@merchantgould.com
bbrittian@merchantgould.com

Christopher R. Stanton*
Merchant & Gould P.C.
1801 California Street
Suite 3300
Denver, CO 80202-2654
Tel: (303) 357-1647
Fax: (612) 332-9081
cstanton@merchantgould.com

* Not yet admitted

*Attorneys for Petitioner*

8

## DECLARATION

I, Aaron Arreola Cortes, declare under penalty of perjury under the laws of the United States of America that the foregoing VERIFIED COMPLAINT AND PETITION is true and correct.

Executed on 27 2, 2017.

_____
AARON ARREOLA CORTES

9