# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| AARON ARREOLA CORTES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:17-CV-69 |
| ) | |
| LUCIA DIAZ LOPEZ, ) | |
| ) | |
| Respondent. ) | |

## AGREED ORDER AND JUDGMENT

Before the Court is the Verified Petition for Return of Children to Mexico (the "Verified Petition") filed by the petitioner, Aaron Arreola Cortes ("Father"). The Petition arises under the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[1] and the International Child Abduction Remedies Act ("ICARA").[2] The respondent, Lucia Diaz Lopez ("Mother"), has not responded to the petition but is represented by counsel.

## JURISDICTION

The Court has subject matter jurisdiction over this matter under 22 U.S.C. § 9003 and 28 U.S.C. §§ 1331-32. The Court has personal jurisdiction over the Mother, who is currently residing in Powell, Tennessee.

## FINDINGS OF FACT

As shown by the signatures of their respective counsel, below, the parties have stipulated

---

[1] Oct. 25, 1980, T.I.A.S. No. 11670 (July 1, 1988), 22514 U.N.T.S. 98. *See* [Doc. 1-1]. Both the United States and Mexico have entered into the Convention.
[2] 22 U.S.C. §§ 9001 *et seq.* (2015).

the following facts, which the Court adopts as its Findings of Fact in this case.

1. The Father is the father of two minor children, R.A.D. and A.M.A.D. (the "Children"), who are the subject of the Petition. The Father is a citizen of Mexico and resides in Guadalajara, Mexico.

2. The Mother is the biological mother of the Children. The mother is a citizen of Mexico but is currently residing in Knoxville, Tennessee.

3. The Father and Mother married on January 23, 2003. A copy of the marriage certificate is in the Court Record. [Doc. 1-2.]

4. Child R.A.D. was born to the Father and the Mother on ▇▇▇▇ 2008. A redacted copy of R.A.D.'s birth certificate is in the Court Record. [Doc. 1-3.]

5. Child A.M.A.D. was born to the Father and Mother on ▇▇▇▇ 2010. A redacted copy of A.M.A.D's birth certificate is in the Court Record. [Doc. 1-4.]

6. The Father and Mother divorced on March 22, 2013. A copy of the divorce certificate is in the Court Record. [Doc. 1-5.]

7. During the marriage, the Father and Mother lived together with the Children in Guadalajara, Mexico.

8. As part of the divorce, the Mother and Father agreed the Father would have custody of the Children every other weekend and every Wednesday of each week. The Father regularly exercised these rights. The Mother and Father also agreed that prior permission from both parents was necessary to travel internationally with the Children. A divorce decree formalized the Mother and Father's agreement to obtain prior permission to travel internationally. As part of that divorce decree, the Father agreed to pay the Mother to assist in caring for the Children. A copy of the divorce decree is in the Court Record. [Doc. 1-6.]

2

9. Following the divorce, the Children continued to live in Guadalajara, Mexico, until they entered the United States with their Mother, on or about July 11, 2016.

10. On Wednesday, July 6, 2016, the Children were to spend the day with the Father, in accordance with the Mother and Father's agreement. Despite that expectation, the Mother informed the Father she had taken the Children to Cancun and would not return until July 10, 2016, when the Children were to spend the weekend with the Father, in accordance with the Mother and Father's agreement. The Father had not agreed to forgo his time with the Children on that Wednesday.

11. Based on his communication with the Mother, the Father expected the Mother to deliver the Children to his custody on July 10, 2016. The Children never arrived. The Father attempted to contact the Children and the Mother via text messages and phone calls.

12. On July 11, 2016, the Father received a phone call from the Children informing him they were in the United States. They told him they would return to Mexico by July 24, 2016. The Mother never secured the Father's consent or agreement to travel to the United States.

13. On July 25, 2016, the Father visited the residence of the Children and the Mother in Guadalajara, Mexico. Another family was living there. Since then, the Father has continually attempted to contact and communicate with the Children. The Mother regularly impedes his efforts.

14. The Mother and the Children have been living in Knoxville, Tennessee since they left Mexico in July 2016.

15. On September 13, 2016, the Father submitted an application for the return of the Children in accordance with the Convention to the Central Authority of Mexico. *See* [Doc. 1-7]. The request for return was subsequently submitted to the United States Department of State and

3

the National Center for Missing and Exploited Children, which is the central authority of the United States under the Convention.

## CONCLUSIONS OF LAW

Based on the stipulated facts set forth above, the Court reaches the following conclusions of law.

1. The Mother removed the Children to the United States on or about July 11, 2016.

2. At the time the Mother removed the Children, the Father was exercising his rights within the meaning of Articles Three and Five of the Convention. In particular, under the terms of their divorce decree, the Father and the Mother were jointly exercising parental responsibility for the Children at the time of the removal. Under the terms of the divorce decree, the Mother's retention of the Children in the United States is unlawful because the Father has neither consented, nor acquiesced to the Children's presence in the United States.

3. At the time the Mother removed them to the United States, the Children's habitual residence was Guadalajara, Mexico. The Mother wrongfully removed the Children within the meaning of Article Three of the Convention. In particular, she removed the Children from Mexico, the country of their habitual residence, in breach of rights of custody of the Father.

4. The Mother continues to wrongfully retain the Children in the United States, in the State of Tennessee, within the meaning of Articles Three and Five of the Convention despite the Father's efforts to secure the Children's return to Mexico.

5. R.A.D. will not reach the age of sixteen years until the year 2024. A.M.A.D. will not reach the age of sixteen years until 2026. Accordingly, the Children are within the age of children covered by the Convention, Article Four.

6. The Father filed the Petition less than one year following the wrongful removal of

the Children from Mexico to the United States

7. The Convention and the laws of the United States and the State of Tennessee authorize the Court to order the return of the Children to Mexico forthwith. Convention, art. 12; 22 U.S.C. § 9003; Tenn. Code Ann. § 36-6-226.

Based on the foregoing findings of fact and conclusions of law, the Court GRANTS the Father's Petition and ORDERS as follows:

A. <u>Return to Mexico.</u> The Mother shall return the Children to the care of the Father in Guadalajara, Mexico on or before May 27, 2017.

B. <u>Manner of Travel.</u> The Mother will accompany the Children on the journey from Knoxville, Tennessee to Guadalajara, Mexico, where the Children shall be delivered to the Father for a weekend visit as provided in the parties' divorce decree. The Mother and the Children will travel by air.

C. <u>Passports.</u> The Children's passports are currently in the possession of the Court. They will be returned to the Mother's attorney, who shall retain possession of them until the day before the Mother and the Children fly to Mexico, at which time they will be given to the Mother.

D. <u>Costs of Travel.</u> The Mother will pay for the costs incurred to transport the Children to Guadalajara, Mexico.

E. <u>Temporary Custody.</u> The Children shall remain within the jurisdiction of the Court in the custody of the Mother until they are returned to Mexico and delivered into the custody of the Father. At all times, the Mother shall keep the Father informed of the physical location of the Children while they are still living in Knoxville, Tennessee.

F.   **Custody Following Return.** Following their return to Mexico, custody of the Children shall be as provided in the parties' divorce decree. The weekend including May 27, 2017, shall be treated as one of the Father's custodial weekends. This Order does not purport to alter the parties' divorce decree.

G.   **Visitation.** Prior to May 27, 2017, the Father shall be entitled to unsupervised visits with the Children consistent with the parties' divorce decree. In addition, the Father will be allowed to visit with the Children on March 20, 2017, between 6:00 p.m. and 8:00 p.m. and on March 21, 2017, between 4:00 p.m. and 6:00 p.m.

Judgement shall be entered in favor of the petitioner.

SO ORDERED, this 24 day of March, 2017.

_____
J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

SUBMITTED AND APPROVED BY:

| | |
|---|---|
| MERCHANT & GOULD, P.C. | LAW OFFICE OF RACHEL BONANO, PLLC |

*s/John T. Winemiller*
John T. Winemiller, TN Bar # 21084
R. Bradford Brittian, TN Bar # 7130
9717 Cogdill Road, Suite 101
Knoxville, TN  37932-3322
Tel:  (865) 380-5960
Fax:  (612) 332-9081
jwinemiller@merchantgould.com
bbrittian@merchantgould.com

Christopher R. Stanton (pro hac vice)
Merchant & Gould P.C.
1801 California Street
Suite 3300
Denver, CO 80202-2654
Tel: (303) 357-1647
Fax: (612) 332-9081
cstanton@merchantgould.com

*Attorneys for Petitioner*

*s/Rachel Bonano*
Rachel Bonano, TN Bar #
2108 Keller Bend Road
Knoxville, TN  37922
Tel:  (865) 282-5309
Fax:  (865) 251-5383
rbonano@bonanolaw.com

*Attorneys for Respondent*